IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

V.                                                            4:24CR00016-1 JM

BRIAN GALVAN-GONZALEZ

## ORDER

Pending is the Defendant's Motion to Suppress. The Defendant contends that the affidavit supporting the application for search at 46 Westmont Circle, Little Rock, Arkansas fails to establish probable cause and all evidence obtained from the residence should be suppressed. The United States has responded.

After reviewing the evidence and law, the Court finds that law enforcement conducted a lawful search of the residence at 46 Westmont Circle, Little Rock, Arkansas. The Court finds that the 44-page affidavit in support of the application for a search warrant submitted to United States Magistrate Judge Edie R. Ervin by ATF Special Agent Shannon Hicks was supported by probable cause based upon information obtained from the Santa Cruz County Anti-Crime Team in California and information indepently obtained by Agent Hicks.

The information provided by California law enforcement included evidence of the Defendant's association with Ulysses Perez Lozano, a documented Norteno gang member and convicted felon. California law enforcement advised Agent Hicks that Perez Lozano had associates, including the Defendant, who bought firearms in Arkansas and unlawfully trafficked them to California by vehicle and through the United States Postal Service, and trafficked controlled substances. California law enforcement monitored calls between Perez Lozano and the Defendant. Agent Hicks reviewed the audio recordings of the phone calls between Lozano and

the Defendant from December 28, and 29, 2023, and January 1, 2024. Agent Hicks interpreted the conversations between the Defendant and Lozano to indicate that the Defendant had sent and was planning to send more guns and ammunition to Lozano. Defendant stated that he was worried that a package Lozano sent to the Defendant by priority mail had not arrived yet. Agent Hicks interpreted the conversations to mean the Defendant and Hicks were swapping narcotics for firearms. During the calls, Defendant describes three vehicles that he and his dad had driven. Based upon the description of the vehicles, Hicks determined that the vehicles had been driven by Defendant and co-conspirators during several traffic stops where narcotics had been found. The vehicles were observed at 46 Westmont Circle. Cell phone records and the Defendant's Arkansas identification card listed 46 Westmont Circle as Defendant's residence and the Defendant gave the Westmont address to an officer as his address during a traffic stop. Hicks stated that based upon her experience as an ATF Special Agent for 23 years, people who purchase or possess firearms store them in their businesses, residences, vehicles, and on his person. She also stated that evidence of unlawful firearms transactions is often preserved on computers in e-mail accounts, sent and deleted e-mails, address books, contact lists, and attachments to e-mails, including pictures and files at these locations. After review of all the information in the affidavit, the Court finds that there was probable cause to believe that contraband and evidence of a crime would be found at the 46 Westmont Circle residence.

Moreover, even if probable cause was lacking, officers conducting the search had a good faith belief that the warrant was valid. "Where a search is conducted pursuant to a warrant, the good faith exception to the exclusionary rule applies, and evidence should not be suppressed due to an absence of probable cause unless the warrant was based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'"

*United States v. Warford*, 439 F.3d 836, 841 (8th Cir. 2006) (quoting *United States v. Leon*, 468 U.S. 897, 923). As the Court has found, the affidavit was not lacking in indicia of probable cause.

Defendant's Motion to Suppress (ECF No. 45) is DENIED.

IT IS SO ORDERED this 13th day of August, 2024.

_____
James M. Moody Jr
United States District Judge